UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CITY OF BATON ROUGE/EAST
BATON ROUGE PARISH,
CONSOLIDATED EMPLOYEES
RETIREMENT SYSTEM AND
POLICE GUARANTY FUND

VERSUS

BANK OF AMERICA, N.A., *et al*.

CIVIL ACTION

19-725-SDD-RLB

**RULING**

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendant, Capital One Bank ("Capital One"). Plaintiffs, the City of Baton Rouge/East Baton Rouge Parish, Consolidated Employees Retirement System and Police Guaranty Fund ("Plaintiffs") filed an *Opposition*[2] to this motion, to which Capital One filed a *Reply*.[3] For the following reasons, the Court finds that Capital One's *Motion* should be granted, and Plaintiffs' claims against it dismissed with prejudice.

I. **BACKGROUND**

The *Complaint* in this matter is essentially identical to the *Complaint* in another suit before this Court, *State of Louisiana v. Bank of America, N.A., et al*,[4] which itself is essentially identical to *In re GSE Bonds Antitrust Litigation*,[5] a 2019 class action complaint in the Southern District of New York – a case in which Capital One was not a defendant. Capital One filed this *Motion to Dismiss* on March 10, 2020. Without seeking leave of

---

[1] Rec. Doc. No. 124.
[2] Rec. Doc. No. 139.
[3] Rec. Doc. No. 167.
[4] Case No. 19-cv-638 (M.D. La. Sept. 23, 2019).
[5] Case No. 19-cv-1704 (S.D.N.Y. Feb. 22, 2019).

Court, Plaintiffs filed their *Opposition* on April 30, 2020, a month after the deadline had passed, offering no excuse for their noncompliance.[6] This egregious tardiness is one of many examples of Plaintiffs' failure to comply with basic rules of federal litigation in this matter. Nevertheless, under Fifth Circuit precedent, the Court must view "the automatic grant of a dispositive motion, such as a dismissal with prejudice based solely on a litigant's failure to comply with a local rule, with considerable aversion."[7] "To dismiss a claim with prejudice based on a litigant's conduct, the Court must find 'egregious and continued refusal to abide by the court's deadlines.'"[8] Plaintiffs' noncompliance is irksome and bordering on egregious, but the Court will not impose the harsh sanction of dismissal based on counsel's conduct. Thus, this *Motion* will be decided on its merits. Since Plaintiffs saw no need to reinvent the wheel, neither shall the Court; portions of the factual background and analysis that follows first appeared in this Court's *Rulings* on the other *Motions to Dismiss* in this case and the State of Louisiana case.

In their *Second Amended Complaint*, Plaintiffs allege that Defendants conspired to fix the prices of government-sponsored entity ("GSE") bonds after the bonds were designated free-to-trade ("FTT"), in violation of § 1 of the Sherman Act. Per Plaintiffs, Defendants colluded in multi-bank chatrooms to fix the FTT price before declaring the bonds FTT and that the same traders continued to fix the price after the bonds were declared FTT.[9] In addition to their Sherman Act claim, Plaintiffs allege a violation of the

---

[6] Plaintiffs did subsequently file a *Motion for Extension*, seeking a *retroactive* extension until April 30, 2020, the day they filed their late *Opposition*. (Rec. Doc. No. 144). The *Motion for Extension* was unopposed and was granted.
[7] *Webb v. Morella*, 457 Fed. Appx. 448, 452 (5th Cir. 2012).
[8] *Spell v. Edwards*, No. CV 20-00282-BAJ-EWD, 2020 WL 6588594, at *3 (M.D. La. Nov. 10, 2020)(quoting *Webb* at 452).
[9] For further information about the GSE bond market, see this Court's *Ruling* in Case No. 19-cv-638 at Rec. Doc. No. 179.

Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), asserting that each Defendant "engaged in deceptive business practices regarding the advertisement of their brokerage services, including making false statement [sic] regarding the use of their experience and skill in recommending investments."[10] Plaintiffs also bring a negligence claim. Capital One moves to dismiss Plaintiffs' claims against it pursuant to Rule 12(b)(6).

## II. LAW AND ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[11] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[12] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[13]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[10] Rec. Doc. No. 134, p. 96.
[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[12] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equity, Inc.*, 540 F. 3d 333. 338 (5th Cir. 2008).
[13] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

not do."[14] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[17] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[18] "[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[19]

### B. Sherman Act Claim

Capital One argues that the Sherman Act claim against it should be dismissed because "there is no evidence – direct or circumstantial – to suggest that Capital One participated in, or even knew about"[20] the price-fixing conspiracy alleged in the *Second Amended Complaint*. Capital One advances several persuasive arguments in support of its position, but the Court need not consider them here in light of Plaintiffs' *Opposition*, which states, "[t]he claim in the *Second Amended Complaint* at this juncture does not attempt to articulate a Sherman Act claim against Capital One."[21] Setting aside the confusing structure of Plaintiffs' statement ("the claim . . .does not attempt to articulate a

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[16] *Id.* (citing *Twombly*, 550 U.S. at 556).
[17] *Id.*
[18] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (S.D. Tex. May 3, 2012)(quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[19] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[20] Rec. Doc. No. 124-1, p. 16.
[21] Rec. Doc. No. 139-1, p. 4.

Sherman Act claim") and the implicit attempt to reserve the right to make such a claim in the future ("at this juncture"), the Court will defer to Plaintiffs, as masters of the complaint, and find that Capital One's *Motion* shall be granted and the Sherman Act claim against it, to the extent it was pled at all, dismissed with prejudice.

Assuming *arguendo* that Plaintiffs did bring a Sherman Act claim against Capital One, the Court finds that such a claim was not stated adequately to survive 12(b)(6). Plaintiffs' strongest, "smoking gun" allegations with respect to other Defendants in the alleged conspiracy take the form of chatroom transcripts among traders. In other *Rulings* in this matter, the Court found those transcripts inadequate to allege an agreement to fix prices. Plaintiffs have no such transcript as to Capital One. Nor does the *Second Amended Complaint* contain allegations that Capital One is an approved bond dealer, that it participated in the bond syndication phase, that it was involved in the process of setting free-to-trade prices for GSE bonds, or that Capital One participated in the multibank chatrooms where, Plaintiffs contend, the anticompetitive price-fixing occurred. Where Plaintiffs levy allegations against "Defendants," as an undifferentiated group, the lack of specificity as to Capital One is fatal to their ability to state a claim.

### C. Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA") Claim

LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."[22] "Louisiana has left the determination of what is an 'unfair trade practice' largely to the courts to decide on a case-

---

[22] La. R.S. § 51:1405(A).

5

by-case basis."[23] "The courts have repeatedly held that, under this statute, the plaintiff must show the alleged conduct 'offends established public policy and ... is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'"[24] The Louisiana Supreme Court has explained that "the range of prohibited practices under LUTPA is extremely narrow."[25] Further, the United States Court of Appeals for the Fifth Circuit has held that "the statute does not provide an alternate remedy for simple breaches of contract. There is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes."[26]

The parties' LUTPA arguments play out in lockstep with the other *Motions to Dismiss* in this case and the related case. Capital One asserts that the LUTPA claim should be dismissed because LUTPA does not apply to the transactions at issue herein. Indeed, LUTPA contains an exception for:

> Any federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institutions, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices.[27]

Capital One argues that this exception applies because it is a national bank and a federally insured financial institution that falls within the above-stated exception.[28] The

---

[23] *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir. 1993); *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d 1053, 1059 (La. 2010) ("It has been left to the courts to decide, on a case-by-case basis, what conduct falls within the statute's prohibition.").
[24] *Cheramie*, 35 So.3d at 1059 (citations omitted).
[25] *Id.* at 1060.
[26] *Turner*, 989 F.2d at 1422; *Innovative Sales, LLC v. Northwood Mfg., Inc.*, 07-30598, 2008 WL 3244114, at *6 (5th Cir. 2008) (slip copy)(quoting *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1422 (5th Cir.1993)).
[27] La. R.S. 51:1406(1).
[28] Rec. Doc. No. 124-1, p. 27.

6

*Second Amended Complaint* itself alleges that Capital One is "a federally chartered national banking association" and a "registered broker dealer with the SEC and FINRA."[29] Per Capital One, by the plain language of LUTPA, it is exempt and the statute does not apply. As they did with respect to several other Defendants in this matter, Plaintiffs argue that the exception does not apply because Capital One is regulated by the Financial Industry Regulatory Authority ("FINRA").[30] This argument is supported by citation to *Grant v. Houser*.[31] Unfortunately for Plaintiffs, as this Court has now found repeatedly in this matter, *Grant* does not hold what they say it does. In *Grant*, the Eastern District of Louisiana considered the defendant's argument that, because it was registered with FINRA, it was exempt from LUTPA.[32] The court concluded that FINRA is an independent regulator and that an agency licensed by FINRA did not qualify for an exemption under the terms of LUTPA. However, the court did *not* conclude that FINRA registration categorically *bars* the application of the exemption if an entity otherwise meets the criteria of the exemption, which is what Plaintiff asks this Court to hold.[33]

There is nothing in the exception to LUTPA provided by La. R.S. § 51:1406(1) that excludes FINRA-regulated entities from its scope. In contrast, § 51:1406(1) contains broad language excluding from LUTPA's application "[a]ny federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institutions, its subsidiaries…." As the Fifth Circuit has stated, "[t]he Louisiana Legislature has decided that LUTPA should not apply to '[a]ny federally insured financial institution,

---

[29] Rec. Doc. No. 134, p. 30.
[30] Rec. Doc. No. 139-1, p. 12.
[31] *Id*.; *Grant v. Houser*, No. CV. 10-0805, 2013 WL 2631433, at *4 (E.D. La. June 11, 2013).
[32] *Grant* at *4.
[33] Rec. Doc. No. 139-1, p. 12.

7

its subsidiaries, and affiliates,' and has not set out any exception to this broad rule."[34] For the reasons stated above, LUTPA does not apply to Capital One and the LUTPA claim against it shall be dismissed with prejudice.[35]

### D. Negligence Claim

Plaintiffs must allege five elements to state a claim for negligence:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).[36] . . . A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability.[37]

First, the Court must consider if Plaintiffs have adequately alleged that Capital One owed them a duty.[38] "In deciding whether to impose a duty in a particular case, Louisiana courts examine 'whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.'"[39] Plaintiffs assert that Capital One had the duty to "ensure that the investments that they offered or brokered were suitable for the Plaintiffs as a client," "avoid unreasonable behavior which puts a client at risk of financial harm," and "use reasonable care in recommending investments to the Plaintiffs," and "avoid recommending investments

---

[34] *Truong v. Bank of Am., N.A.,* 717 F.3d 377, 387 (5th Cir. 2013).
[35] The Court also credits Capital One's argument that Plaintiffs lack statutory authority to assert a LUTPA claim based on the particular LUTPA provision cited in the *Second Amended Complaint*. The Court addressed this argument in greater detail in its ruling on the *Motion to Dismiss* by Stifel in this matter (See Rec. Doc. No. 226).
[36] *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La. 2006)).
[37] *Id.* (citing *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321 (La.1994)).
[38] *Id.* (citing *Meany v. Meany*, 639 So.2d 229, 233 (La.1994)).
[39] *Id.* (quoting *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292 (La.1993)).

which it knew or should have known would constitute a fraud or scam."[40] Plaintiffs contend that because Capital One is regulated by FINRA, it must abide by FINRA regulations, and those regulations create Capital One's duties to Plaintiffs.[41]

Plaintiffs argue that FINRA requires its members to disclose material information about investments to investors, to only recommend "suitable" investments to customers, and to provide the customer with the most favorable price under prevailing market conditions.[42] However, it is not at all clear that FINRA regulations can support a duty to Plaintiffs. Plaintiffs provide no authority to support their claim that FINRA regulations give rise to a duty, and Capital One cites to persuasive authority that FINRA regulations do not give rise to such a duty.[43] Capital One maintains that its sales to Plaintiffs were the type of "arm's length transaction [that] does not create any 'independent duty of care.'"[44] Louisiana law clearly disallows imputing duties into a contract such as the one allegedly entered into by Plaintiffs and Capital One, and Capital One avers that "the Complaint is entirely devoid of allegations about any such relationship that might impose those types of duties"[45] on it.

Even assuming FINRA regulations could give rise to a duty, Plaintiffs have failed to sufficiently allege a breach of that duty. Capital One argues as much in its *Motion*, contending that "there is simply no basis in the *Complaint* to conclude that Capital One

---

[40] Rec. Doc. No. 139-1, p. 8 (citing *Second Amended Complaint,* Rec. Doc. No. 134, p. 91-92).
[41] *Id.*
[42] *Id*. at p. 9.
[43] Rec. Doc. No. 124-1, p. 26 (citing *Fox v. Lifemark Sec. Corp.,* 84 F. Supp. 3d 239,245 (W.D.N.Y. 2015)("Plaintiff cannot recover for negligence based on the alleged violation of [a FINRA rule because] FINRA does not provide a private right of action"); *In re VeriFone Sec. Litig.,* 11 F.3d 865, 870 (9th Cir. 1993)("It is well established that violation of an exchange rule will not support a private claim").
[44] Rec. Doc. No. 124-1, p. 24 (quoting *Guimmo v. Albarado*, 99-286 (La. App. 5 Cir. 7/27/99); 739 So.2d 973, 975).
[45] *Id*.

9

breached a duty."[46] In the *Second Amended Complaint*, Plaintiffs allege that Defendants, collectively, breached their duty of care "by selling agency securities to the Plaintiffs which were in fact, the subject of a fraud of scam [sic]."[47] Not only does this argument for breach not specifically name Capital One, it fails to allege that Capital One was aware that securities they allegedly sold were somehow a "scam." In fact, Plaintiffs themselves describe the conspiracy to fix prices as "inherently-self concealing."[48] Overall, even accepting the unlikely proposition that Plaintiffs' allegations establish a duty on the part of Capital One, Plaintiffs have not alleged breach with any specificity whatsoever. Plaintiffs' *Opposition* offers only the conclusory statement that "Defendants" (*in globo*) "clearly breached [their] duties when they failed to provide investment advice in the City of Baton Rouge's best interest and continued to participate in an antitrust conspiracy for their own benefit. . ."[49] In essence, Plaintiffs imply, bafflingly, that Capital One breached its duty by being a party to the conspiracy, while simultaneously arguing in the same brief that they are not bringing a Sherman Act claim against Capital One.

Overall, an anemic and possibly nonexistent duty, combined with a conclusory allegation of breach that is unsupported by the allegations in the *Complaint*, does not a successful negligence claim make. As Plaintiffs failed to state a Sherman Act claim against Capital One, they cannot now maintain that Capital One is liable in negligence for participating in an antitrust conspiracy. Holding to the contrary would allow Plaintiffs to skirt the requirements of antitrust standing and assert an antitrust claim without following the doctrinal prerequisites. Capital One's *Motion* shall be granted as to the negligence

---

[46] Id. at p. 27.
[47] Rec. Doc. No. 134, p. 94.
[48] Id. at p. 85.
[49] Rec. Doc. No. 139-1, p. 11.

claim against it. Because it finds that Plaintiffs have failed to state a claim, the Court does not reach Capital One's arguments regarding prescription of the LUTPA and negligence claims.

## III.   CONCLUSION

For the reasons above, Capital One's *Motion*[50] is granted and the claims against it dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on April 8, 2021.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[50] Rec. Doc. No. 124.